Margaret J. Grover (Bar No. 112701)
GROVER WORKPLACE SOLUTIONS, P.C.
1300 Clay Street, Suite 600
Oakland, California 94612
Telephone: (510) 654-1678
Email: mgrover@groverworkplacesolutions.com

Attorneys for Defendant
ATS PRODUCTS, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE L. ZELAYA-GOMEZ, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ATS PRODUCTS, INC. a California Corporation; and DOES 1 to 50,<br><br>Defendants. | Case No.<br><br>NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT<br><br>Complaint Filed: August 21, 2024<br>Complaint Served: August 28, 2024 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO ALL PARTIES:

    1.    YOU ARE HEREBY NOTIFIED that Defendant ATS Products, Inc. hereby removes the above-captioned matter.

    2.    On or about August 21, 2024, Plaintiff Jose L. Zelaya-Gomez filed the "Class Action Complaint for: 1. Failure to Pay All Minimum Wages; 2. Failure to Pay All Overtime Wages; 3. Failure to Provide Rest Periods and Pay Missed Rest Period Premiums; 4. Failure to Provide Meal Periods and Pay Missed Meal Period Premiums; 5. Failure to Maintain Accurate Employment Records; 6. Failure to Pay Wages Timely during Employment; 7. Failure to Pay All Wages Earned and Unpaid at Separation; 8. Failure to Furnish Accurate Itemized Wage Statements; and

9. Violations of California's Unfair Competition Law (Bus. & Prof. Code §§ 17200-17210)" (the "Complaint") against Defendant ATS Products, Inc. and Does 1 through 35. The Complaint was filed in the Superior Court of the State of California in and for Contra Costa County and was assigned Case No. C24-02251. A copy of the Complaint is attached as Exhibit 1 to this Notice.

3.  ATS Products, Inc. was served with the Summons on August 28, 2024. A copy of the Summons is attached as Exhibit 2 to this Notice.

4.  In addition to the Summons and Complaint, Defendant ATS Products, Inc. was served with the following documents:

   a. a Civil Case Cover Sheet, a copy of which is attached as Exhibit 3 to this Notice;

   b. A Notice of Assignment to Department 12 for Case Management Determination, a copy of which is attached as Exhibit 4 to this Notice; and

   c. A blank ADR Panel Application, a copy of which is attached as Exhibit 5 to this Notice.

5.  On September 30, 2024, ATS Products, Inc. filed its "Answer to Class Action Complaint for: 1. Failure to Pay All Minimum Wages; 2. Failure to Pay All Overtime Wages; 3. Failure to Provide Rest Periods and Pay Missed Rest Period Premiums; 4. Failure to Provide Meal Periods and Pay Missed Meal Period Premiums; 5. Failure to Maintain Accurate Employment Records; 6. Failure to Pay Wages Timely during Employment; 7. Failure to Pay All Wages Earned and Unpaid at Separation; 8. Failure to Furnish Accurate Itemized Wage Statements; and 9. Violations of California's Unfair Competition Law (Bus. & Prof. Code §§ 17200-17210)", a copy of which is attached as Exhibit 6 to this Notice.

6.  A cause of action under federal law exists for purposes of original jurisdiction and removal if the plaintiff's "well-pleaded complaint" presents a federal issue. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983). Although the "well-pleaded complaint rule" generally allows a plaintiff to avoid federal jurisdiction by relying exclusively on state law, there is a well-recognized corollary to that rule: the complete preemption doctrine. *See*, *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392-93 (1987). "Under the complete preemption

doctrine, the preemptive force of a federal statute converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint." *Ayala v. Destination Shuttle Services LLC et al.*, 2013 WL 12092284, at *2 (C.D. Cal., Nov. 1, 2013) (Feess, J.).

7. Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (LMRA) is a federal statute that can have complete preemptive force. *See*, *Avco v. Aero Lodge No. 735*, 390 U.S. 557, 560-62 (1968). It provides: "[s]uits for violation of contracts between an employer and a labor organization representing employees . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). *See also*, *Newberry v. Pacific Racing Ass'n*, 854 F.2d 1142, 1146-47 (9th Cir. 1988); *Scott v. Machinists Automotive Trades Dist.*, 827 F.2d 589, 594 (9th Cir. 1987).

8. Accordingly, even where, as here, a plaintiff alleges only state law claims, a federal question exists, and removal is proper, where the defendant raises a preemption defense based on a federal statute that is so "complete" as to provide the only available remedy. In such cases, "complete preemption" overrides the "well-pleaded complaint rule" and the state law claims are treated as claims "arising under" federal law for jurisdictional purposes. *Holman v. Laulo-Rowe Agency*, 994 F. 2d 666, 668 (9th Cir. 1993); *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005)(stating "[i]n such circumstances, federal law displaces a plaintiff's state-law claim, no matter how carefully pleaded.").

9. The Complaint in this action involves a federal question because it involves claims and/or issues that arise under, are intertwined with, derive in whole or in part from, and/or require application and/or interpretation of the LMRA. Resolution of Plaintiff's claims necessarily will require the court to construe several provisions of the collective-bargaining agreement ("CBA") that governed Plaintiff's employment with ATS Products, Inc. Accordingly, LMRA Section 301 preempts Plaintiff's claims. *See*, *Lingle v. Norg Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988) ("In sum, we hold that application of state law is preempted by § 301…only if such application requires the interpretation of a collective bargaining agreement.").

10. It does not matter that Plaintiff's claims purportedly arise out of state law. Even if a right exists independently of a CBA, when resolution of a state-law claim is "substantially dependent on analysis of a collective-bargaining agreement," the claim is preempted by Section 301 of the LMRA. *Paige v. Henry J. Kaiser, Co.*, 826 F.2d 857, 861 (9th Cir. 2001) (*citing Caterpillar, Inc.*, 482 U.S. at 394; *see also*, *Hyles v. Mensing*, 849 F.2d 1213, 1215-16 (9th Cir. 1988). Nor does it matter that Plaintiff has pled his claims to omit any reference to federal law and/or the CBA applicable to his employment. "Mere omission of reference to Section 301 in the complaint does not preclude federal subject matter jurisdiction." *Fristoe v. Reynolds Afetals, Co.*, 615 F.2d 1209, 1212 (9th Cir. 1990).

11. At all times relevant to this action, ATS Products, Inc. was and now is a California corporation in commerce and in an industry affecting commerce within the meaning of Sections 2(2), (6), (7) and 301(a) of the LMRA. Even though a defendant is a California corporation, because an action under Section 301 of the LMRA is a suit involving claims arising under the laws of the United States, it may be removed to this Court under the provisions of 28 U.S.C. Sections 1441(b) and 1446, without regard to the amount in controversy or the parties' citizenship or domicile.

12. Plaintiff is a former employee of ATS Products, Inc. At all times during his employment with ATS, Plaintiff was represented by a labor organization known as the International Association of Sheet Metal, Air, Rail and Transportation Workers (SMART) Local Union No. 104 (the "Union").

13. From March 15, 2022 through the present, the Union and ATS Products, Inc. were parties to a CBA that sets forth the collectively-bargained terms and conditions governing the employment of fulltime and regular part-time employees employed by ATS in California. A copy of the CBA is attached as Exhibit 6 to this Notice.

14. The resolution procedure for addressing any purported violation of Plaintiff's right to overtime, meal periods, or rest periods during his employment was at all times set forth in and governed by the CBA's Article XII – Adjustment of Grievances. Article XII, Section 2, requires union members such as Plaintiff to proceed through a five-step grievance process, culminating in arbitration. CBA, Exh. 6, Article XI, Section A, at p. 14.

15. Plaintiff's allegations regarding ATS Products' failure to pay overtime and provide meal and rest periods directly implicate the CBA. Consequently, interpretation of the CBA is essential to the resolution of Plaintiff's claims. In order to adjudicate Plaintiff's claims, this Court must interpret and apply the relevant sections of the CBA and determine, among other things, whether the CBA applies, whether any statutory exceptions apply, whether the grievance and arbitration procedures control, and whether either party violated the CBA.

16. Even if Plaintiff disputes that the CBA covers any of his claims, those disputes will require the Court to interpret the CBA. This issue, standing alone, establishes LMRA preemption. *See Buck v. Cemex, Inc.*, 2013 WL 4648579 (E.D. Cal. Aug. 29, 2013) (concluding that ambiguities as to whether the requirements of § 512(e) are satisfied must be resolved by consulting the CBA, thereby invoking LMRA preemption and federal question jurisdiction); *Ayala v. Destination Shuttle Services LLC et al.*, 2013 WL 12092284, at *4 (C.D. Cal., Nov. 1, 2013); See *Raphael v. Tesoro Refining and Marketing Co., LLC*, 2015 WL 3970293, at *6 (C.D. Cal., June 30, 2015) (noting that plaintiff's argument regarding whether the section 512(e) exemption applied "introduces a clear dispute between the parties as to the interpretation and application of the CBA's arbitration provisions.").

17. Plaintiff also seeks to represent a putative class defined as "all current and former hourly employees of Defendant, who, at any time within four years from the date of filing this

18. lawsuit, worked on oil platforms off of the California coast for periods of 24 hours or more." See Exh. A (Complaint), ¶ 19. In doing so, he is necessarily calls upon the Court to interpret the applicable provisions of the CBA for each putative class member (all of whom would also be governed by the CBA) to determine whether each employee suffered a Labor Code violation as alleged in his Complaint.

19. Because determining whether Plaintiff has any viable claims and any issues regarding ATS Products, Inc.'s alleged liability will require interpretation and/or application of the terms and provisions of the CBA, Plaintiff's Complaint falls within the preemptive scope of Section 301 of the LMRA. *See* 29 U.S.C. § 185; *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220-21 (1985); *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001).

20. Because the LMRA completely preempts Plaintiff's state law claims based on alleged violations of the California Labor Code, removal is proper on the basis of federal question jurisdiction. 28 U.S.C. §§ 1331, 1441.

21. To the extent that there are remaining claims for relief that do not arise under Section 301 or that Section 301 does not completely preempt, those remaining claims are within the supplemental jurisdiction of the Court under 29 U.S.C. Section 1367(a) in that they are "derived from a common nucleus of operative fact and of the nature that "a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Kuba v. 1-Aagric. Ass'n*, 387 F.3d 850, 855-56 (9th Cir. 2004).

22. Plaintiff's Ninth Cause of Action is a derivative claim for "unfair business practices," that is derived from Plaintiff's underlying claims for violations of the Labor Code. *See* Complaint, Exh. 1, ¶¶ 121-125. As a result, this Court has supplemental jurisdiction over the claims pursuant to 28 U.S.C. Section 1367(a). Therefore, this action is removable in its entirety.

23. As required by 28 U.S.C. Section 1441, ATS Products, Inc. removes this case to the United States District Court for the Northern District of California which is the District Court embracing the place where the State Court Action was filed.

24. Venue is proper in this Court pursuant to 28 U.S.C. Sections 1441(a) and 1446(a) because the United States District Court for the Northern District of California is the federal judicial district within which Contra Costa County, where the action was originally filed, is located.

25. This Notice of Removal is being filed within 30 days of the date that ATS Products, Inc. was served with the Summons and Complaint in this matter. Removal is, therefore, timely in accordance with 28 U.S.C. Section 1446(b).

26. By this Notice of Removal, ATS Products, Inc. does not waive any objections it may have to service, jurisdiction, or venue, nor does it waive any other defenses it may assert to the action or the claims purportedly set forth in the action.

/ / /

/ / /

/ / /

27. ATS Products, Inc. intends no admission of fact, law, or liability by this Notice and expressly reserves all defenses and motions.

DATED: September 30, 2024         GROVER WORKPLACE SOLUTIONS, P.C.

By: _____
Margaret J. Grover
Attorneys for Defendant
ATS PRODUCTS, INC.

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ALAMEDA**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Alameda, State of California. My business address is 1300 Clay Street, Suite 600, Oakland, CA 94612.

On September 30, 2024, I served the **NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT** on the interested parties in this action as follows:

| | |
|---|---|
| Jonathan Melmed, Esq.<br>Kyle D. Smith, Esq.<br>Melmed Law Group<br>1801 Century Park East, Suite 850<br>Los Angeles, CA 90067 | Attorneys for Plaintiff |

**BY MAIL:** I enclosed the document(s) in sealed envelopes addressed to the persons at the addresses listed above, with postage fully prepaid. I deposited the envelopes with the United States Postal Service at Oakland, California. I am a resident or employed in the county where the mailing occurred.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 30, 2024, at Berkeley, California.

_____
Margaret J. Grover